

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

MEMORANDUM ORDER

Appellate case name:     Karey Bernard Statin v. Invum Two LLC

Appellate case number:   01-14-00381-CV

Trial court case number:  1042961

Trial court:             County Civil Court at Law No. 2 of Harris County

The district court clerk has filed a clerk's record on indigence containing the trial court's May 13, 2014 order sustaining a contest to the appellant's "Affidavit to Proceed in Forma Pauperis." On May 28, 2014, appellant filed another "Affidavit to Proceed in Forma Pauperis" with our Court requesting that we waive all court fees and costs. Texas Rule of Appellate Procedure 20.1(j)(1) provides that "If the trial court sustains a contest, the party claiming indigence may seek review of the court's order by filing a motion challenging the order with the appellate court without advance payment of costs." TEX. R. APP. P. 20.1(j)(1). Unless an extension is granted, "[t]he motion must be filed within 10 days after the order sustaining the contest is signed, or within 10 days after the notice of appeal is filed, whichever is later." TEX. R. APP. P. 20.1(j)(2). Appellant has not filed a motion challenging the trial court's order. Moreover, even if we were to consider appellant's May 28, 2014 affidavit as a motion to reconsider the trial court's May 13, 2014 order, it was untimely because it was not filed within 10 days of either the signed order or the notice of appeal (which was filed on May 7, 2014). Thus, appellant has not established indigence and is not entitled to proceed with his appeal without advance payment of costs.

On May 29, 2014, our Court issued a notice that appellant has neither established indigence nor paid the appellate filing fee and that his appeal may be dismissed unless the fee is paid by June 30, 2014. To date, the fee has not been paid.

On July 7, 2014, our Court issued a notice to appellant that the fee for the clerk's record has not been paid, our records indicate that he is not entitled to proceed without payment of costs, and his appeal may be dismissed for want of prosecution unless he submits either (1) evidence from the trial-court clerk that he has paid or made arrangements to pay the fee by August 5, 2014 or (2) a meritorious response the he is exempt from paying the clerk's fee by that date. On July 18, 2014, appellant filed an "Explanation of Exemption of Clerk's Fee" stating that he "filed an affidavit to proceed in forma pauperis on May 7, 2014," (2) "[r]esponded to County Attorney's contest of indigent status on May 15, 2014," and (3) received a notice from Chris

Prine that "the certified clerk's record was filed on May 19, 2014." Appellant's response lacks merit because (1) as discussed above, the trial court sustained the contest to appellant's affidavit and appellant failed to timely file a motion contesting the order with our Court, and (2) the clerk's record filed on May 19, 2014 was only the clerk's record on indigence – the complete clerk's record has not been filed in this case because, as noted in July 2, 2014 letter filed by the district court clerk, appellant has not paid the fees for the record.

Appellant is ORDERED to pay the $195 filing fee to this Court no later than 30 days from the date of this order, or the Court will dismiss this appeal. *See* TEX. RULE APP. P. 5, 42.3.

It is further ORDERED that, no later than 30 days from the date of this order, appellant file with this Court proof that he has paid or made arrangements to pay for the preparation of the clerk's record, or the appeal will be dismissed. *See* TEX. R. APP. P. 37.3(b).

It is so ORDERED.


Judge's signature: /s/ Michael Massengale
               ☒ Acting individually


Date: September 25, 2014